# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| VALERIA TANCO and SOPHY JESTY, et al., ) | |
| ) | |
|     Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 3:13-cv-01159 |
| ) | Trauger/Griffin |
| WILLIAM EDWARD "BILL" HASLAM, ) | |
| as Governor of the State of Tennessee, ) | |
| et al., ) | |
| ) | |
|     Defendants. ) | |

## DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Defendants, in their official capacities, hereby state the following for their Answer to Plaintiffs' Complaint for Declaratory and Injunctive Relief ("Complaint"):

**Introduction.**

1. Defendants admit the allegations of the first sentence of paragraph no. 1 to the extent that they assert Plaintiffs' stated purpose in bringing this action but deny them for all other purposes. Defendants admit that Tennessee law prohibits recognition of marriages lawfully entered into in other jurisdictions that are unlawful in Tennessee, including same-sex marriages. The allegations of the second and third sentences of paragraph no. 1 otherwise assert conclusions of law to which no response is required, and to the extent a response is required, these legal conclusions are denied. Defendants deny the allegations of the fourth sentence of paragraph no. 1. Defendants deny that this Court should issue any declaratory or injunctive relief as requested in the fifth sentence of paragraph no. 1.

2. Defendants lack knowledge or information sufficient to form a belief as to the truth of

the factual allegations contained in paragraph no. 2, and deny that Plaintiffs are being denied any constitutionally protected rights.

3. Defendants deny the allegations of paragraph no. 3 to the extent they assert that Plaintiffs possess a liberty and property interest in their marriages or relationships under the Due Process clause of the 14th Amendment to the United States Constitution and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph no. 3.

4. Defendants deny the allegations of paragraph no. 4 to the extent they assert that Plaintiffs are being denied any constitutionally protected right and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph no. 4.

5. The allegations of paragraph no. 5 assert conclusions of law to which no response is required, and to the extent a response is required, Defendants deny the allegations of paragraph no. 5.

6. Defendants lack knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in the first sentence of paragraph no. 6. The remaining allegations of paragraph no. 6 assert conclusions of law to which no response is required, and to the extent a response is required, Defendants deny the allegations.

7. The allegations of paragraph no. 7 assert conclusions of law to which no response is required, and to the extent a response is required, Defendants deny the allegations of paragraph 7.

8. Defendants admit the allegations of paragraph no. 8 to the extent that they assert the Plaintiffs' stated purpose in bringing this action but deny the allegations for all other purposes, and specifically deny that Plaintiffs have suffered a constitutional violation.

### The Parties.

9. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph no. 9. The Defendants deny that Plaintiffs have suffered a constitutional

violation.

10. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph no. 10. The Defendants deny that Plaintiffs have suffered a constitutional violation.

11. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph no. 11. The Defendants deny that Plaintiffs have suffered a constitutional violation.

12. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph no. 12. The Defendants deny that Plaintiffs have suffered a constitutional violation.

13. Defendants admit the allegations of the first, second, third, and fourth sentences of paragraph no. 13 to the extent they assert that William Edwards "Bill" Haslam is the Governor of the State of Tennessee and that Governor Haslam has the duties and powers set out in the Constitution and laws of the State of Tennessee, and deny the remaining allegations of these sentences. Defendants deny the allegations of the fifth sentence of paragraph no. 13 to the extent they assert that Governor Haslam, in his Official Capacity, is a person within the meaning of 42 U.S.C. § 1983, and to the extent they imply that Governor Haslam took any action under color of state law with regard to Plaintiffs during the times relevant to the Complaint. Defendants admit the allegations of the sixth and seventh sentences of paragraph no. 13.

14. Defendants admit the allegations of the first sentence of paragraph no. 14. Defendants admit the allegations of the second sentence of paragraph no. 14 except that the name has changed to Driver Services Division rather than Driver Control Division. Defendants admit the allegations of the third sentence of paragraph no. 14 to the extent they are consistent with the powers enumerated in Tenn. Code Ann. § 4-3-2001, et seq., and deny said allegations to the extent they are

3

inconsistent therewith. Defendants deny the allegations of the fourth sentence of paragraph no. 14 to the extent they assert that Commissioner Gibbons, in his Official Capacity, is a person within the meaning of 42 U.S.C. § 1983, and to the extent they imply that Commissioner Gibbons took any action under color of state law with regard to Plaintiffs during the times relevant to the Complaint. Defendants admit the allegations of the fifth sentence of paragraph no. 14.

15. Defendants admit that Larry Martin is the Commissioner of the Department of Finance and Administration, which includes the Division of Benefits Administration; however, the State Insurance Committee is the plan administrator for the State of Tennessee Group Insurance Plan. Defendants admit that Commissioner Martin is the Chair of the State Insurance Committee, which has the discretion to determine the benefits and eligibility requirements for the State Insurance Group Plan, subject to state and federal law. Defendants deny the allegations of the third sentence of paragraph no. 15 to the extent they assert that Commissioner Martin, in his Official Capacity, is a person within the meaning of 42 U.S.C. § 1983, and to the extent they imply that Commissioner Martin took any action under color of state law with regard to Plaintiffs during the times relevant to the Complaint. Defendants admit the allegations of the fourth sentence of paragraph no. 15.

16. Defendants admit the allegations of paragraph no. 16 to the extent they assert that Robert Cooper is the Attorney General and Reporter for the State of Tennessee and that Fed. R. Civ. P. 5.1 provides that the state attorney general is to be put on notice when a pleading is filed that questions the constitutionality of a state statute. Defendants deny any other allegation in paragraph no. 16.

**Jurisdiction and Venue.**

17. Defendants admit the allegations of paragraph no. 17 to the extent that they assert the Plaintiffs' stated purpose in bringing this action but deny them for all other purposes.

18. Defendants deny the allegations of the first sentence of paragraph no. 18 to the extent

they provide that this Court has subject-matter jurisdiction over the Plaintiffs' Complaint. Defendants admit the allegations of the second sentence of paragraph no. 18 to the extent they assert that this Court has personal jurisdiction over the Defendants.

19. Defendants admit the allegations of paragraph no. 19 to the extent they provide that if this Court has subject-matter jurisdiction over this case, then venue would be proper in the Middle District, and otherwise deny the allegations of paragraph no. 19.

20. Defendants admit the allegations of paragraph no. 20 to the extent they provide that this Court has the general authority to enter declaratory judgments and to provide preliminary and permanent injunctive relief, but deny the allegations of paragraph no. 20 to the extent they assert that this Court has jurisdiction to grant said relief to Plaintiffs in this case.

**Factual Background.**

21. The allegations of paragraph no. 21 assert conclusions of law to which no response is required, and to the extent a response is required, Defendants deny the allegations of paragraph no. 21.

22. The allegations of paragraph no. 22 assert conclusions of law to which no response is required, and to the extent a response is required, Defendants deny the allegations of paragraph no. 22.

23. Defendants deny the allegations of the first sentence of paragraph no. 23. Defendants admit that Article XI, Section 18 of the Tennessee Constitution is accurately quoted.

24. Defendants admit that Tenn. Code Ann. § 36-3-113 is accurately quoted. The remaining allegations of paragraph no. 24, including footnote 2, assert conclusions of law to which no response is required, and to the extent a response is required, Defendants deny the allegations.

25. Defendants deny the allegations of paragraph no. 25.

26. Defendants lack knowledge or information sufficient to form a belief as to the truth of

5

Case 3:13-cv-01159   Document 27   Filed 11/15/13   Page 5 of 17 PageID #: 98

the allegations of paragraph no. 26. Defendants deny that Plaintiffs have suffered a constitutional violation.

27. Defendants admit that marriage is an important social and legal institution in Tennessee. Defendants otherwise lack knowledge or sufficient information to form a belief as to the truth of the allegations of the first and second sentences of paragraph no. 27. Defendants deny the allegations in the third and fourth sentences of paragraph no. 27.

28. Defendants deny the allegations of paragraph no. 28.

29. Defendants admit that certain Tennessee statutes apply to persons recognized as married under state law. Defendants otherwise deny the allegations of the first, second, and third sentences of paragraph no. 29. The remaining allegations of paragraph no. 29 (including subparts (a) thru (m) of the fourth sentence) assert conclusions of law to which no response is required, and to the extent a response is required, Defendants deny the allegations.

30. Defendants deny the allegations of paragraph no. 30.

31. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph no. 31.

32. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph no. 32.

33. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph no. 33.

34. Defendants deny the allegations of paragraph no. 34.

35. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and second sentences of paragraph no. 35. The remaining allegations of paragraph no. 35 assert conclusions of law to which no response is required, and to the extent a response is required, Defendants deny the allegations.

36. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph no. 36.

37. Defendants lack knowledge or information sufficient to form a belief as to the truth of the factual allegations of the first, second, third, sixth, and seventh sentences of paragraph no. 37. Defendants deny the allegations of the ninth sentence of paragraph no. 37. The remaining allegations of paragraph no. 37 assert conclusions of law to which no response is required, and to the extent a response is required, Defendants deny the allegations.

38. Defendants lack knowledge or information sufficient to form a belief as to the truth of allegations of paragraph no. 38.

39. Defendants lack knowledge or information sufficient to form a belief as to the truth of allegations of paragraph no. 39.

40. Defendants lack knowledge or information sufficient to form a belief as to the truth of allegations of the first, second, fourth, fifth, and sixth sentences of paragraph no. 40. The remaining allegations of paragraph no. 40 assert conclusions of law to which no response is required, and to the extent a response is required, Defendants deny the allegations.

41. Defendants lack knowledge or information sufficient to form a belief as to the truth of allegations of the first and second sentences of paragraph no. 41. The remaining allegations of paragraph no. 41 assert conclusions of law to which no response is required, and to the extent a response is required, Defendants deny the allegations.

42. Defendants deny the allegations of the first sentence of paragraph no. 42, and lack knowledge or information sufficient to form a belief as to the truth of the allegations of the second sentence of paragraph no. 42. Defendants deny the allegations of the third sentence of paragraph no. 42 to the extent they assert that the Plaintiffs suffer any constitutional injury. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of

the third sentence of paragraph no. 42.

43. Defendants deny the allegations of paragraph no. 43.

44. Defendants lack knowledge or information sufficient to form a belief as to the truth of allegations of paragraph no. 44.

45. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph no. 45.

46. Defendants lack knowledge or information sufficient to form a belief as to the truth of allegations of paragraph no. 46.

47. Defendants lack knowledge or information sufficient to form a belief as to the truth of allegations of paragraph no. 47.

48. Defendants deny the allegations of paragraph no. 48.

49. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first, second, third, and fourth sentences of paragraph no. 49. Defendants deny the allegations of the fifth sentence of paragraph no. 49.

50. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of the first, second, and fourth sentences of paragraph no. 50. The remaining allegations of paragraph no. 50 assert conclusions of law to which no response is required, and if a response is required, Defendants admit that Tenn. Comp. R & Regs. 1340-01-13-.12(5)(a) provides that a certified or original marriage certificate is acceptable for name changes and otherwise deny the allegations.

51. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph no. 51.

52. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph no. 52.

53. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph no. 53.

54. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph no. 54.

55. Defendants deny the allegations of the first and second sentences of paragraph no. 55 to the extent they assert that the State of Tennessee has taken any action to cause harm to Plaintiffs and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the first and second sentences of paragraph no. 55. Defendants deny the remaining allegations of paragraph no. 55.

56. Defendants deny the allegations of paragraph no. 56.

57. The allegations of paragraph no. 57 assert conclusions of law to which no response is required, and if a response is required, Defendants deny the allegations of paragraph 57.

58. Defendants deny the allegations of paragraph no. 58.

59. Defendants deny the allegations of paragraph no. 59.

60. Defendants deny the allegations of paragraph no. 60.

61. Defendants deny the allegations of paragraph no. 61.

62. Defendants deny the allegations of paragraph no. 62.

63. Defendants deny the allegations of the first and sixth sentences of paragraph no. 63. Defendants aver that the language and legislative history of Tenn. Code Ann. § 36-3-113 speak for themselves and deny all allegations contained in the third sentence of paragraph no. 63 that are inconsistent with that language and legislative history. The remaining allegations of paragraph no. 63 assert conclusions of law to which no response is required, and to the extent a response is required, Defendants deny the allegations.

64. Defendants deny the allegations of the first sentence of paragraph no. 64. Defendants

aver that the language and legislative history of Tenn. Code Ann. § 36-3-113 speak for themselves and deny all allegations contained in the second, third, fourth, and fifth sentences of paragraph no. 64 that are inconsistent with that language and legislative history. The remaining allegations of paragraph no. 64 assert conclusions of law to which no response is required, and to the extent a response is required, Defendants deny the allegations.

65. The allegations of paragraph no. 65 assert conclusions of law to which no response is required, and if a response is required, Defendants deny the allegations of paragraph no. 65.

66. Defendants aver that the language and legislative history of Tenn. Code Ann. § 36-3-113 speak for themselves and deny all allegations contained in the first, second, third, fourth, fifth, and sixth sentences of paragraph no. 66 that are inconsistent with that language and legislative history. The remaining allegations of paragraph no. 66 assert conclusions of law to which no response is required, and to the extent a response is required, Defendants deny the allegations.

67. Defendants deny the allegations of paragraph no. 67.

## COUNT I

68. Defendants repeat and reference all of the above responses to the Plaintiffs' allegations of the Complaint as though fully set forth herein.

69. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of paragraph no. 69. Defendants deny the allegations of the second sentence of paragraph no. 69.

70. Defendants deny the allegations of paragraph no. 70.

71. Defendants deny the allegations of paragraph no. 71.

72. Defendants deny the allegations of paragraph no. 72.

73. Defendants deny the allegations of paragraph no. 73.

74. Defendants deny the allegations of paragraph no. 74.

75. Defendants deny the allegations of paragraph no. 75.

76. Defendants deny the allegations of paragraph no. 76.

## COUNT II

77. Defendants repeat and reference all of the above responses to the Plaintiffs' allegations of the Complaint as though fully set forth herein.

78. Defendants admit that the Fourteenth Amendment is accurately quoted.

79. Defendants deny the allegations of paragraph no. 79.

80. Defendants deny the allegations of the first sentence of paragraph no. 80, and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph no. 80.

81. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of paragraph no. 81. Defendants deny the allegations of the second sentence of paragraph no. 81 to the extent they assert that Plaintiffs have been denied any constitutionally protected rights, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations.

82. Defendants deny the allegations of paragraph no. 82.

83. Defendants deny the allegations of paragraph no. 83.

84. Defendants deny the allegations of paragraph no. 84.

85. The allegations of paragraph no. 85 are broad and vague, and Defendants admit them only as a general matter; Defendants deny the allegations insofar as they relate to the state's interests in defining marriage and in regulating its legal status and effect.

86. Defendants deny the allegations of paragraph no. 86 as to the Plaintiffs in this lawsuit and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations.

87. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph no. 87.

88. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph no. 88.

89. Defendants deny the allegations of paragraph no. 89.

90. Defendants deny the allegations of paragraph no. 90.

91. Defendants deny the allegations of paragraph no. 91.

92. Defendants deny the allegations of paragraph no. 92.

## COUNT III

93. Defendants repeat and reference all of the above responses to the Plaintiffs' allegations of the Complaint as though fully set forth herein.

94. Defendants deny the allegations of paragraph no. 94.

95. Defendants deny the allegations of paragraph no. 95.

96. Defendants deny the allegations of paragraph no. 96.

97. Defendants deny the allegations of paragraph no. 97.

98. Defendants deny the allegations of paragraph no. 98.

99. Defendants deny the allegations of paragraph no. 99.

100. Defendants deny the allegations of paragraph no. 100.

101. Defendants deny the allegations of paragraph no. 101.

## COUNT IV

102. Defendants repeat and reference all of the above responses to the Plaintiffs' allegations of the Complaint as though fully set forth herein.

103. Defendants admit that the Fourteenth Amendment is accurately quoted.

104. Defendants deny the allegations of paragraph no. 104.

12

Case 3:13-cv-01159   Document 27   Filed 11/15/13   Page 12 of 17 PageID #: 105

105. Defendants deny the allegations of paragraph no. 105.

106. Defendants deny the allegations of paragraph no. 106.

107. Defendants deny the allegations of paragraph no. 107.

108. Defendants deny the allegations of paragraph no. 108.

## COUNT V

109. The Defendants repeat and reference all of the above responses to the Plaintiffs' allegations of the Complaint as though fully set forth herein.

110. Defendants deny the allegations of paragraph no. 110.

111. Defendants deny the allegations of paragraph no. 111.

112. Defendants deny the allegations of paragraph no. 112.

113. Defendants deny the allegations of paragraph no. 113.

114. Defendants deny the allegations of paragraph no. 114.

## COUNT VI

115. Defendants repeat and reference all of the above responses to the Plaintiffs' allegations of the Complaint as though fully set forth herein.

116. The allegations of paragraph no. 116 assert conclusions of law to which no response is required. Defendants deny the allegations of paragraph no. 116 to the extent they assert that Defendants have deprived Plaintiffs of a constitutional right to travel or any other constitutionally protected right.

117. Defendants deny the allegations of paragraph no. 117.

118. Defendants deny the allegations of paragraph no. 118.

119. Defendants deny the allegations of paragraph no. 119.

120. Defendants deny the allegations of paragraph no. 120.

121. Defendants deny the allegations of paragraph no. 121.

## COUNT VII

122. Defendants repeat and reference all of the above responses to the Plaintiffs' allegations of the Complaint as though fully set forth herein.

123. Defendants deny the allegations of paragraph no. 123.

124. Defendants deny the allegations of paragraph no. 124.

125. Defendants deny the allegations of paragraph no. 125.

126. Defendants deny the allegations of paragraph no. 126.

127. Defendants deny the allegations of paragraph no. 127.

128. Defendants deny the allegations of paragraph no. 128.

129. Each and every allegation of Plaintiffs' Complaint not specifically admitted herein is denied.

### Prayer for Relief.

130. Defendants deny that Plaintiffs are entitled to the relief prayed for in paragraph nos. 1, 2, 3, 4, and 5 of their Prayer for Relief.

### Affirmative and Other Defenses

1. The Complaint fails to state a claim upon which relief may be granted against the Defendants.

2. Plaintiffs' claims are barred in part or in their entirety by the applicable statute of limitations.

3. This Court lacks subject-matter jurisdiction over the claims asserted in Plaintiffs' Complaint as the Complaint fails to raise a substantial federal question.

4. Plaintiffs' claims against these Defendants and all relief sought by Plaintiffs are barred by the Eleventh Amendment.

5. Plaintiffs' claims against these Defendants and all relief sought by Plaintiffs are

barred by the Tenth Amendment which reserves to the State of Tennessee the sovereign right to define and regulate marriage.

6. Plaintiffs' claims are barred in part or in their entirety because Plaintiffs lack standing. Plaintiffs additionally lack standing to assert claims on behalf of persons not before the Court, or on behalf of each other.

7. Plaintiffs' claims are barred in part or in their entirety by waiver and/or estoppel.

8. Plaintiffs' claims are barred in part or in their entirety because they are not yet ripe for review.

9. No act, omission, or law of the State of Tennessee has deprived Plaintiffs of rights secured by the United States Constitution.

10. Same-sex marriage is not a constitutionally protected fundamental right or liberty interest.

11. Sexual orientation does not implicate a protected or suspect class to which heightened scrutiny applies.

12. Defendants are entitled to, and seek herein to recover their attorneys' fees and expenses incurred in this action as provided for by 42 U.S.C. § 1988.

13. Defendants reserve their right to amend this Answer as provided by the Federal Rules of Civil Procedure in order to assert additional affirmative defenses or averments which might become relevant as facts are discovered.

> Respectfully submitted,
>
> ROBERT E. COOPER, JR.
> Attorney General and Reporter

*s/Martha A. Campbell*
MARTHA A. CAMPBELL #14022
Deputy Attorney General
General Civil Division
Cordell Hull Building, Second Floor
P. O. Box 20207
Nashville, TN 37214
(615) 741-6420
martha.campbell@ag.tn.gov


*s/Kevin G. Steiling*
KEVIN G. STEILING #10631
Deputy Attorney General
Civil Litigation and State Services Division
Cordell Hull Building, Second Floor
P. O. Box 20207
Nashville, TN 37214
(615) 741-2370
kevin.steiling@ag.tn.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on November 15, 2013, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

Abby R. Rubenfeld # 6645
2409 Hillsboro Road, Suite 200
Nashville, Tennessee 37212
(615) 386-9077
arubenfeld@rubenfeldlaw.com

William L. Harbison # 7012
Phillip F. Cramer # 20697
J. Scott Hickman # 17407
John L. Farringer IV # 22783
SHERRARD & ROE, PLC
150 3rd Avenue South, Suite 1100
Nashville, Tennessee 37201
(615) 742-4200
bharbison@sherrardrod.com
pcramer@sherrardroe.com
shickman@sherrardroe.com
jfarringer@sherrardroe.com

Maureen T. Holland # 15202
HOLLAND AND ASSOCIATES, PLLC
1429 Madison Avenue
Memphis, Tennessee 38104-6314
(901) 278-8120
mtholland@aol.com

Regina M. Lambert # 21567
7010 Stone Mill Drive
Knoxville, Tennessee 37919
(865) 679-3483
lambertregina@yahoo.com

Shannon P. Minter
Christopher F. Stoll
Asaf Orr
NATIONAL CENTER FOR LESBIAN RIGHTS
870 Market Street, Suite 370
San Francisco, California 94102
(415) 392-6257
sminter@nclrights.org
cstoll@nclrights.org
aorr@nclrights.org

                                                        s/ Martha A. Campbell
                                                       MARTHA A. CAMPBELL
                                                       TBPR# 14022
                                                       Office of the Attorney General
                                                       P.O. Box 20207
                                                       Nashville, TN 37202
                                                       (615) 741-6420