# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| VALERIA TANCO and SOPHY JESTY, IJPE DeKOE and THOMAS KOSTURA, KELLIE MILLER and VANESSA DEVILLEZ, and JOHNO ESPEJO and MATTHEW MANSELL, <br><br> Plaintiffs, <br><br> v. <br><br> HASLAM, *et al.,* <br><br> Defendants. | Case No. 3:13-cv-01159 <br><br> Judge Aleta A. Trauger |

## NOTICE OF FILING OF SUPPLEMENTAL AUTHORITY

Plaintiffs respectfully file this Notice of Filing of Supplemental Authority in support of their Motion for Preliminary Injunction (Docket Entry No. 29). Recently issued decisions in *Obergefell v. Wymyslo*, No. 1:13-cv-501 (S.D. Ohio Dec. 23, 2013) and *Kitchen v. Herbert*, No. 2:13-cv-217 (C.D. Utah Dec. 20, 2013) directly address issues that are also present in this case, and provide further support for Plaintiffs' arguments as to why they are likely to succeed on the merits of their claims.

On December 23, 2013, the District Court in *Obergefell* issued the attached Final Order holding that Ohio's laws prohibiting recognition of the marriages of same-sex couples for purposes of issuing death certificates to surviving spouses violate the United States Constitution's guarantees of due process and equal protection. Specifically, the District Court in *Obergefell* held as follows:

1. Once a couple is legally married, "the right to remain married is properly recognized as a fundamental liberty interest protected by the Due Process Clause of the United States Constitution." (Final Order at p. 2.)

2. "When a state effectively terminates the marriage of a same-sex couple married in another jurisdiction, it intrudes into the realm of private marital, family, and intimate relations specifically protected by the Supreme Court." (Final Order at p. 14).

3. "Ohio's refusal to recognize same-sex marriages performed in other states violates the substantive due process rights of the parties to those marriage because it deprives them of their significant liberty interest in remaining married absent a sufficient articulated state interest for doing so[.]" (Final Order at p. 19.)

4. Discrimination based on sexual orientation warrants heightened scrutiny under the Equal Protection Clause based on the factors traditionally applied by the Supreme Court to determine whether heightened scrutiny is warranted for a type of classification. (Final Order at pp. 26-36).

5. Even under rational basis review, Ohio's laws denying recognition to married same-sex couples violate the Equal Protection Clause because "in refusing to recognize a particular type of legal out-of-state marriage *for the first time in its history*, Ohio is engaging in discrimination[] of an unusual character without a rational basis for doing so" and, independently, "because *there is no rational connection between Ohio's marriage recognition bans and the asserted state interests*" in protecting children. (Final Order at pp. 40, 42 (emphases in original) (internal citations omitted).)

On December 20, 2013, the District Court in *Kitchen* issued the attached Memorandum Decision and Order holding that Utah's laws barring same-sex couples from the right to marry

under Utah law and prohibiting the recognition of the legal marriages of same-sex couples who marry in other states (hereinafter "Utah's statutory and constitutional marriage and anti-recognition laws") violate the United States Constitution's guarantees of due process and equal protection. The District Court in *Kitchen* held as follows:

1. In light of the United States Supreme Court's ruling in *United States v. Windsor*, 133 S.Ct. 2675 (2013), "federalism concerns . . . are . . . insufficient to save a state-law prohibition that denies Plaintiffs their rights to due process and equal protection under the law." (Mem. Dec. p. 13.)

2. Utah's statutory and constitutional marriage and anti-recognition laws violate the Due Process Clause of the Fourteenth Amendment because they impermissibly infringe on the fundamental liberty interests of same-sex couples. (Mem. Dec. pp. 16-32.)

3. Utah's statutory and constitutional marriage and anti-recognition laws discriminate based on sex and thus must satisfy "the heightened burden of justification that the Fourteenth Amendment requires of state laws drawn according to sex." (Mem. Dec. at pp. 34-35.)

4. Utah's statutory and constitutional anti-recognition laws violate the Equal Protection Clause of the Fourteenth Amendment because they fail constitutional scrutiny even when considered under the rational basis test, the most deferential level of review. (Mem. Dec. pp. 32-50.)

5. The Supreme Court's summary dismissal in *Baker v. Nelson*, 409 U.S. 810 (1972) is no longer controlling. (Mem. Dec. pp. 14-16.)

Copies of the relevant rulings in *Obergefell v. Wymyslo* and *Kitchen v. Herbert* are accordingly submitted herewith as additional authorities in support of Plaintiffs' Motion for Preliminary Injunction in this action.

Dated: December 24, 2013

Respectfully submitted,

| | |
|---|---|
| */s/ Abby R. Rubenfeld* | */s/ Maureen T. Holland* |
| Abby R. Rubenfeld (B.P.R. No. 6645) | Maureen T. Holland (B.P.R. No. 15202) |
| RUBENFELD LAW OFFICE, PC | HOLLAND AND ASSOCIATES, PLLC |
| 2409 Hillsboro Road, Suite 200 | 1429 Madison Avenue |
| Nashville, Tennessee 37212 | Memphis, Tennessee 38104-6314 |
| Tel.: (615) 386-9077 | Tel.: (901) 278-8120 |
| Fax: (615) 386-3897 | Fax: (901) 278-8125 |
| arubenfeld@rubenfeldlaw.com | mtholland@aol.com |
| | *Admitted Pro Hac Vice* |

| | |
|---|---|
| */s/ William L. Harbison* | */s/ Regina M. Lambert* |
| William L. Harbison (B.P.R. No. 7012) | Regina M. Lambert (B.P.R. No. 21567) |
| Phillip F. Cramer (B.P.R. No. 20697) | REGINA M. LAMBERT, ESQ. |
| J. Scott Hickman (B.P.R. No. 17407) | 7010 Stone Mill Drive |
| John L. Farringer IV (B.P.R. 22783) | Knoxville, Tennessee 37919 |
| SHERRARD & ROE, PLC | (865) 679-3483 |
| 150 3rd Avenue South, Suite 1100 | (865) 558-8166 |
| Nashville, Tennessee 37201 | lambertregina@yahoo.com |
| Tel.: (615) 742-4200 | *Admitted Pro Hac Vice* |
| bharbison@sherrardroe.com | |
| pcramer@sherrardroe.com | |
| shickman@sherrardroe.com | |
| jfarringer@sherrardroe.com | |

*/s/ Shannon P. Minter*
Shannon P. Minter (CA Bar No. 168907)
Christopher F. Stoll (CA Bar No. 179046)
Asaf Orr (CA Bar No. 261650)
NATIONAL CENTER FOR
  LESBIAN RIGHTS
870 Market Street, Suite 370
San Francisco, California 94102
Tel.: (415) 392-6257
Fax: (415) 392-8442
sminter@nclrights.org
cstoll@nclrights.org
aorr@nclrights.org
*Admitted Pro Hac Vice*

*Attorneys for Plaintiffs*

659388.3  10074-001

## CERTIFICATE OF SERVICE

Service of the foregoing was accomplished through the Court's Electronic Filing System this 24th day of December, 2013, upon the following:

    Martha A. Campbell
    Kevin G. Steiling
    Tennessee Attorney General's Office
    General Civil Division
    Cordell Hull Building, Second Floor
    P. O. Box 20207
    Nashville, Tennessee 37214
    martha.campbell@ag.tn.gov
    kevin.steiling@ag.tn.gov

*Attorneys for Defendants*

                      */s/ Scott Hickman*