# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| VALERIA TANCO and SOPHIE JESTY, IPJE DeKOE and THOMAS KOSTURA, and JOHNY ESPEJO and MATTHEW MANSELL,<br><br>        Plaintiffs,<br><br>v.<br><br>WILLIAM EDWARD "BILL" HASLAM, as Governor of the State of Tennessee, in his official capacity; LARRY MARTIN, as Commissioner of the Department of Finance and Administration, in his official capacity, and ROBERT COOPER, as Attorney General & Reporter of the State of Tennessee, in his official capacity,<br><br>        Defendants. | Case No. 3:13-cv-01159<br>Judge Aleta A. Trauger |

## **MEMORANDUM & ORDER**

Acting *pro se*, an individual named Susan Martin has filed a Motion to Intervene under Fed. R. Civ. P. 24 (Docket No. 57), to which the plaintiffs filed a Response in opposition (Docket No. 60), and the defendants also filed a Response in opposition (Docket No. 64).

By way of background, Martin has filed a separate lawsuit in this court against the Social Security Administration – *Martin v. Colvin*, No. 3:14-cv-00209 (M.D .Tenn. filed Jan. 27, 2014) – in which she purports to bring a bevy of (unfocused) constitutional claims related in some manner to the United States government's administration of tax laws and benefits with respect to same-sex couples, which she claims adversely impact her receipt of "benefits from taxation," her right to "vote Republican", and her right to "live safely in a State that historically votes

Republican." In her Motion to Intervene in this case, Martin purports to seek intervention to assert her "heterosexual married taxpayer viewpoint," which she believes will help this court refrain from basing its "judicial decisions on the strong emotions in same-sex issues that have arisen since the DOMA decision." Martin also cites her separate lawsuit as a basis for intervention.

The court agrees with the parties that Martin's motion (1) does not identify any interest relating to the subject matter of this action for purposes of Rule 24(a), and (2) does not identify any "claim or defense" sharing with this action "a common question of law or fact" for purposes of Rule 24(b). To the extent that Martin conceivably has any cognizable rights to assert in her separate lawsuit in the first place, she has made no showing that the court's disposition of this case will adversely impact her separate lawsuit asserting those rights.

Therefore, Martin's Motion to Intervene (Docket No. 57) is hereby **DENIED**.

It is so **ORDERED**.

Enter this 14th day of March 2013.

_____
ALETA A. TRAUGER
United States District Judge