# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| VALERIA TANCO and SOPHY JESTY, IJPE DeKOE and THOMAS KOSTURA, and JOHNO ESPEJO and MATTHEW MANSELL,<br><br>Plaintiffs,<br><br>v.<br><br>WILLIAM E. "BILL" HASLAM, *et al.,*<br><br>Defendants. | Case No. 3:13-cv-01159<br>Judge Aleta A. Trauger |

## MEMORANDUM AND ORDER
## IN SUPPORT OF FINAL ORDER AND PERMANENT INJUNCTION

Following the United State Supreme Court's resolution of this case on appeal in *Obergefell v. Hodges*, 135 S. Ct. 1039 (2015), the plaintiffs filed a Motion for Entry of Final Order and Permanent Injunction (Docket No. 86) with an attached proposed final order (*id.*, Attach. No. 1), and the defendants filed a Response in opposition (Docket No. 87) with a competing attached proposed final order (*id.*, Attach. No. 1). The parties dispute the language that should be included in ¶¶ 1, 2, and 4 on page 2 of the final order.

In this lawsuit, the plaintiffs challenged Article XI, § 18 of the Tennessee Constitution and Tennessee Code Annotated § 36-3-113 only to the extent that they denied recognition to out-of-state same-sex marriages lawfully performed, a point that the court emphasized in its opinions in this case (*see* Docket Nos. 67 and 78). The plaintiffs argue that the court has authority under Rule 54(c) to award them all relief to which they are entitled, which they contend includes a declaration that exceeds the relief that they requested in the Complaint. That would be a bridge too far. Whatever flexibility Rule 54(c) provides, it does not permit the court to rewrite the

scope of the lawsuit. Therefore, subject to minor stylistic changes, the court will adopt the defendants' proposed wording of ¶¶ 1 and 2.

As to ¶ 4, which relates to fee shifting under § 1988(b), the court adopts both the plaintiffs' request for an explicit deadline to file a Rule 54(d) application and the defendants' reservation of the right to raise objections to that application.

For these reasons, the court will contemporaneously enter a Final Order and Preliminary Injunction. Entry of that Order shall constitute judgment in the case.

It is so **ORDERED**.

Enter this 24th day of August, 2015.

_____
ALETA A. TRAUGER
United States District Judge