IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| VALERIA TANCO and SOPHY JESTY, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 3:13-cv-01159 |
| ) | Trauger/Griffin |
| WILLIAM EDWARD "BILL" HASLAM, ) | |
| as Governor of the State of Tennessee, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
THE MOTION TO UNSEAL TIME ENTRIES**

Defendants William Haslam, Governor of the State of Tennessee, Larry Martin, Commissioner of the Department of Finance and Administration, and Herbert H. Slatery III, Attorney General of the State of Tennessee[1], in their official capacities, hereby move this Court to unseal the time entries filed as attachments to Docket Entry 97.

On October 8, 2015, Plaintiffs' counsel Rubenfeld Law Office, PC, Holland and Associates, PLLC, Regina M. Lambert, the National Center for Lesbian Rights, Sherrard & Roe, PLC, and Ropes & Gray LLP (collectively "Plaintiffs' Counsel"), filed a motion for permission to file their time entries under seal. (DE # 99). In support of their motion, Plaintiffs' Counsel asserted that "many entries contain material protected under both the attorney-client privilege and the attorney work product doctrine." (DE # 99). The next day, without awaiting or soliciting a response from Defendants, this Court granted the motion without further explanation. (DE # 109).

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Herbert H. Slatery III is automatically substituted for Robert E. Cooper, Jr. as the succeeding Attorney General for the State of Tennessee.

As the Court has had the opportunity to review the time entries filed under seal, Defendants now move this Court to unseal the time entries as they qualify for neither the attorney-client privilege nor the work-product doctrine.

Defendants have failed to ascertain any reason why the documents supporting the Plaintiffs' application should not be transparent and part of the normally public process of court proceedings. The attorney fees requested by Plaintiffs will be paid with taxpayer funds, and Tennessee citizens have a right to know exactly what they are paying for. The public enjoys a presumptive right "to inspect and copy judicial documents and files." *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 474 (6th Cir. 1983). Allowing the records to remain sealed deprives the public of this right. The public interest overwhelmingly militates in favor of unsealing the time entries.

Under attorney-client privilege or the work-product doctrine, Plaintiffs' Counsel bears the burden of establishing entitlement to protection. *See, e.g. Biegas v. Quickway Carriers, Inc.,* 573 F.3d 365, 381 (6th Cir. 2009) (work product); *U.S. v. Dakota*, 197 F.3d 821, 825 (6th Cir. 1999) (attorney-client privilege). Plaintiffs' Counsel cannot meet this burden.

In the Sixth Circuit, attorney-client privilege does not protect "the fact of legal consultation or employment, client's identities, attorney's fees, and the scope and nature of the employment." *Humphreys, Hutcheson & Moseley v. Donovan*, 755 F.2d 1211, 1218 (6th Cir. 1985); *accord In re Grand Jury Subpoena*, 204 F.3d 516, 520 (4th Cir. 2000) ("The identity of the client, the amount of the fee, the identification of payment by case name, and the general purpose of the work performed are usually not protected by the attorney-client privilege because such information ordinarily reveals no confidential professional communications between attorney and client." (internal citations omitted)).

The work-product doctrine is limited in scope to only: 1) "documents and tangible things"; 2) "prepared in anticipation of litigation or for trial"; 3) "by or for another party or its representative." Fed. R. Civ. P. 26(b)(3); *In re Professionals Direct Ins. Co.*, 578 F.3d 432 (6th Cir. 2009). The time entries created by Plaintiffs' Counsel were certainly not "prepared in anticipation of litigation or for trial." *See, e.g., Corbis Corp v. Starr*, 719 F.Supp.2d 843, 846 fn. 4 (N.D. Ohio 2010) ("I also note that statements regarding generally what counsel did for a specific period of time (i.e., "prepared summary judgment reply") are not privileged or work product.").

The time entries are not illuminating as to the trial strategy undertaken by Plaintiffs' Counsel. Indeed, the individual time entries provide little more than the name of the attorney, the date, the billed hours, and the very general description of the work performed. They do not provide insight into the litigation strategy other than to confirm that discussions and communications did occur between counsel. As to client communications, the time entries do not describe the substance of any such communications, merely confirming that they occurred.

Accordingly, as the time entries qualify for neither attorney-client privilege nor the work-product doctrine, they are public and open for disclosure. *See, e.g., In re Southeastern Milk Antitrust Litigation*, 666 F.Supp.2d 908 (E.D.Tenn. 2009). Defendants therefore respectfully request that this Court unseal the following time entries:

> Exhibit A to the Declaration of Douglas H. Hallward-Driemeier (DE # 97-1; 100)
> Exhibit D to the Declaration of Shannon P. Minter (DE # 97-2; 105)
> Exhibit B to the Declaration of Abby Rubenfeld (DE # 97-3; 104)
> Exhibit A to the Declaration of J. Scott Hickman (DE # 97-6; 101)
> Exhibit A to the Declaration of Regina Lambert (DE # 97-4; 103)
> Exhibit A to the Declaration of Maureen Holland (DE # 97-8; 102)

As Defendants' Response in Opposition to Plaintiff's Motion for Attorneys Fees, Costs, and Expenses was also filed under seal because of its reference to the time entries,

Defendants respectfully request that the Response in Opposition to Plaintiffs' Motion for Attorneys Fees, Costs, and Expenses and the associated exhibits be unsealed as well.

        Respectfully submitted,

        HERBERT H. SLATERY III
        Attorney General and Reporter

        s/William E. Young
        WILLIAM E. YOUNG #9711
        Associate Attorney General
        P. O. Box 20207
        Nashville, TN 37214
        (615) 741-3226
        bill.young@ag.tn.gov

        s/Martha A. Campbell
        MARTHA A. CAMPBELL #14022
        Deputy Attorney General
        General Civil Division
        P. O. Box 20207
        Nashville, TN 37214
        (615) 741-6420
        martha.campbell@ag.tn.gov

        s/Alexander S. Rieger
        ALEXANDER S. RIEGER #29362
        Assistant Attorney General
        General Civil Division
        P. O. Box 20207
        Nashville, TN 37214
        (615) 741-2408
        alex.rieger@ag.tn.gov

# CERTIFICATE OF SERVICE

        I hereby certify that on January 8, 2016, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

    Abby R. Rubenfeld # 6645
    2409 Hillsboro Road, Suite 200
    Nashville, Tennessee 37212
    (615) 386-9077
    arubenfeld@rubenfeldlaw.com

    William L. Harbison # 7012
    Phillip F. Cramer # 20697
    J. Scott Hickman # 17407
    John L. Farringer IV # 22783
    SHERRARD & ROE, PLC
    150 3rd Avenue South, Suite 1100
    Nashville, Tennessee 37201
    (615) 742-4200
    bharbison@sherrardrod.com
    pcramer@sherrardroe.com
    shickman@sherrardroe.com
    jfarringer@sherrardroe.com

    Maureen T. Holland # 15202
    HOLLAND AND ASSOCIATES, PC
    1429 Madison Avenue
    Memphis, Tennessee 38104-6314
    (901) 278-8120
    mtholland@aol.com

    Regina M. Lambert # 21567
    7010 Stone Mill Drive
    Knoxville, Tennessee 37919
    (865) 679-3483
    lambertregina@yahoo.com

    Shannon P. Minter
    Christopher F. Stoll
    Asaf Orr
    NATIONAL CENTER FOR LESBIAN RIGHTS
    870 Market Street, Suite 370
    San Francisco, California 94102
    (415) 392-6257

sminter@nclrights.org
cstoll@nclrights.org
aorr@nclrights.org

                                                                           s/ Martha A. Campbell
MARTHA A. CAMPBELL
TBPR# 14022
Office of the Attorney General
P.O. Box 20207
Nashville, TN 37202
(615) 741-6420